ACCEPTED
01-15-00299-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/16/2015 11:41:23 PM
CHRISTOPHER PRINE
CLERK

**CAUSE NO. 01-15-00299-CV**

**IN THE FIRST COURT OF APPEALS**

**AT HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/16/2015 11:41:23 PM
CHRISTOPHER A. PRINE
Clerk

**RONALD WILLIAMS,**
**Appellant**

**v.**

**METRO TRANSIT AUTHORITY,**
**Appellees**

**Appeal from Cause No. 2015-00325, in the
215th District Court of Harris County, Texas**

**APPELLANT'S BRIEF**

The Law Office of Todd E. Webb

Todd E. Webb
State Bar No. 24033317
3730 Kirby Suite 1200
Houston, Texas 77098
713.834.1147 T
713.831.6899 F
webblaw@outlook.com

APPELLATE COUNSEL FOR
RONALD WILLIAMS

1

# TABLE OF CONTENTS

IDENTITY OF PARTIES OF COUNSEL………………………………….3

INDEX OF AUTHORITIES………………………………………………...4

STATEMENT OF THE CASE…………………………………………...5

ISSUES PRESENTED…………………………………………………6

Whether Ronald Williams in good faith made a report to what he believed was a proper law enforcement agency?

Whether the trial court erred when it granted appellee's plea to the jurisdiction?

STATEMENT OF FACTS…………………………………………………7

    *Factual Background*........................................................................7

    *Procedural Background*…………………………………………..9

SUMMARY OF THE ARGUMENT………………………………………10

ARGUMENT…………………………………………………………10

    **I.**    **The Standard of Review**…………………………………

    **II.**    **Williams report to Metro, was to an appropriate law enforcement authority.**

CONCLUSION…………………………………………………………12

PRAYER………………………………………………………………...13

CERTIFICATE OF COMPLIANCE………………………………………13

CERTIFICATE OF SERVICE…………………………………………14

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANT**

Ronald Williams

**APPELLATE COUNSEL/TRIAL COUNSEL**

The Law Office of Todd E. Webb

Todd E. Webb
State Bar No. 24033317
3730 Kirby Suite 1200
Houston, Texas 77098
713.834.1147
T713.831.6899 F
webblaw@outlook.com


**APPELLEE**

Metro Transit Authority

**Trial Counsel:**

Hao Le
1900 Main Street, 3rd Floor
Houston, Texas 77002
713.739.4699 F
713.652,7951 T
hao.le@ridemetro.org

# INDEX OF AUTHORITIES

***Caselaw:***

*State Dep't of Highways & Pub. Tansp. v. Gonzalez,*
    82 S.W. 3d 322, 327 (Tex. 2002)……………………………………..11

*Tex. Dep't of Parks & Wildlife v. Miranda,*
    133 S.W. 3d 217, 226-27 (Tex. 2004)…**..................................**10

***Statutes***

TEX. GOV'T CODE §554.001, et. seq…………………………………5,9

TEX. GOV'T CODE §554.001(a)……………………………………12

TEX. GOV'T CODE §554.002(b)……………………………………11

TEX. GOV'T CODE §554.035…………………………………………12

***Rules***

TEX. R. APP. P. 9.4……………………………………………………13

TEX. R.APP.P. 38.1…………………………………………………..6

## STATEMENT OF THE CASE

### Nature of the Underlying Proceeding

The case before the Court is based on a claim for damages under the Texas Whistleblower Act, TEX. GOV'T CODE §554.001, et. seq., This suit is brought by Ronald Williams for adverse employment actions he suffered in retaliation for reporting a violation of law to an appropriate law enforcement authority.

### Subject of Relief

The case comes before the Court on appeal from the granting of Metro's Plea to the Jurisdiction. Williams seeks review of the trial court's Order granting the Plea and reversal of that Order and remand to the trial court.

CAUSE NO. 01-15-00299-CV

IN THE FIRST COURT OF APPEALS

AT HOUSTON, TEXAS

---

**RONALD WILLIAMS,**
Appellant

v.

**METRO TRANSIT AUTHORITY,**
Appellees

---

**Appeal from Cause No. 2015-00325, in the
215th District Court of Harris County, Texas**

---

**APPELLANT'S BRIEF**

---

***Pursuant to TEX. R.*** App. P. 38.1, Appellant Ronald Williams files this Appellant's Brief.

## ISSUES PRESENTED

Whether Ronald Williams in good faith made a report to what he believed was a proper law enforcement agency?

Whether the trial court erred when it granted appellee's plea to the jurisdiction?

## STATEMENT OF FACTS

### *Factual Background*

Mr. Williams has roughly 19 years experience as a maintenance worker on transit systems, and Mr. Williams holds a welding certification and commercial drivers license.

Mr. Williams worked dutifully for nine years with the Metro. While under the Metro's employ, Mr. Williams did not receive any work-related "write-ups" for poor or deficient job performance until Metro hired Reginald Ratcliff. Mr. Williams skill set includes track maintenance and inspection of the rails, ties, rail fasteners and switches for safety defects. Mr. Williams also welded, grinded, and installed cross tires.

When he was first hired Mr. Ratcliff approached Mr. Williams and asked him to be his snitch and his eyes and ears on the track so that Mr. Ratcliff could carry out criminal acts. Mr. Williams rejected Mr. Ratcliff's demand. From that moment, Mr. Ratcliff repeatedly harassed Mr. Williams,

and Mr. Ratcliff told that he needed to look for another job. Mr. Williams suffered and endured daily threats of firing, demeaning comments, and constant attacks upon his dignity and self-esteem for not joining Mr. Ratcliff's criminal activity.

Fred Burton, a Metro supervisor, told Mr. Williams he would get Ratcliff off of his back if Mr. Williams would move a woman he met into Mr. Williams' home. Mr. Williams refused and consequently Mr. Burton began to pressure Mr. Williams at work as well. On or about June 23, 2014, Defendant deceived Mr. Williams by telling him that he needed to have a Department of Transportation physical, however in fact Mr. Williams was ordered to take a psychiatric evaluation. Mr. Ratcliff had circulated a cruel rumor that Mr. Williams had emotional problems, and he could not operate heavy equipment. This was an attempt to discredit Mr. Williams and ruin a hard earned reputation for good work. As a result of this plot, Defendant ordered Mr. Williams to not return to work until he received a release from a doctor. While on leave, July 18, Mr. Ratcliff attacked Mr. Williams with an unfounded "write up." On July 18, 2014, Plaintiff filed a complaint with Metro's compliance officer, Jackie Castell and spoke Marilyn Moore, Metro's senior manager of employee relations. Plaintiff documented a pattern of illegal conduct. When Mr. Ratcliff first took the position with Metro, he

asked Plaintiff to be a "snitch" and his "eyes and ears" on the track. After Mr. Williams notified Defendant of Mr. Ratcliff and others treatment of him, Defendants employee(s) retaliated against Mr. Williams by alleging that he assaulted them resulting in a criminal case in the Houston Municipal Court System with cause number 2014 NT 0469332. However, this case was dismissed because the complaining party/Metro employee did not show up for court. I

In August 2014, Plaintiff reported Mr. Ratcliff and Mr. Burton's criminal acts to Metro police officers Andre Hines and Michael Garcia. Metro police is a law enforcement agency. On September 10, 2014, Marilyn Moore promised Plaintiff in writing that there would be no *retaliation* for bringing alerting Defendant. On September 17, 2014, Metro took a final retaliatory measure against Mr. Williams and fired him.

### *Procedural Background*

Williams filed his Original Petition alleging claims under the Texas Whistleblower Act, TEX. GOV'T CODE §554.001, *et seq.,* Metro answered and filed a plea to the jurisdiction arguing that Williams failed to report to an appropriate law enforcement agency. Plaintiff amended his complaint twice to comport with Whistleblower pleading requirements. The trial Court granted Metro's plea and Williams' timely perfected appeal.

9

## SUMMARY OF ARGUMENT

To defeat a plea to the jurisdiction, a plaintiff need only plead—not prove—facts that state a cause of action for which immunity is waived. The Texas Whistleblower Act waives sovereign immunity for claims of retaliation for "adverse personnel actions." Williams did report to what he believed in good faith was an appropriate law enforcement authority.

## ARGUMENT

### I. The Standard of Review

A plea to the jurisdiction seeks to dismiss a case for want of jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W. 3d 217, 226-27 (Tex. 2004). When reviewing jurisdiction, courts must first examine pleadings, liberally construing those pleadings in favor of jurisdiction and always looking to the pleader's intent. *Id. at 226.* The allegations found in the pleadings may either affirmatively demonstrate or negate the court's jurisdiction. *Id.* at 226-27. If the pleadings do neither, this raises an issue of pleading sufficiency and the plaintiff must have an opportunity to amend the pleadings. *Id.*

In considering the evidence submitted by the parties, the Court must take as true all evidence favorable to the non-movant and indulge every

reasonable inference and resolve doubts in the non-movant's favor. *Id.* Thus, if the movant under a plea to the jurisdiction—in the face of a well-pleaded petition—does not negate every potential ground for jurisdiction, jurisdiction must stand, and the plea must be denied. Appellate review of a decision on a jurisdictional plea is *de novo. State Dep't of Highways & Pub. Tansp. v. Gonzalez,* 82 S.W. 3d 322, 327 (Tex. 2002).

**II.      Under Texas Whistleblower Law Metro is an appropriate law-enforcement authority.**

Under the Texas Whistleblower Act, an entity is an appropriate law enforcement authority if:

1.      The authority is a part of the federal, state, or local government. Tex. Gov't Code §554.002(b).

2.      The plaintiff believed that the governmental unit was authorized to: enforce or promulgate regulations under the law alleged to be violated **OR** to investigate or prosecute a violation of criminal law. *Id.*

Ronald Williams complained to Metro police officers. Metro police, states on their website, "the Metro Police Department (MPD) is a full-time, full-service police agency made up of more than 191 sworn Texas Peace Officers." *See https://www.ridemetro.org/Pages/METROPolice.aspx.* Metro is a local government authority. When Mr. Williams reported to the officers

11

and other Metro personnel, he believed that Metro could at the very least investigate the criminal activity he alleged taking place at Metro.

The Texas Whistleblower Act provides that a " state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." *See* Tex. Gov't Code §554.002(a). The Act specifically waives sovereign immunity to suit and liability for such actions. *See* Tex. Gov't Code §554.035. Metro fired Mr. Williams, after years of faithful service, after he complained and reported illegal activity at Metro.

## CONCLUSION

A plea to the jurisdiction is not a substitute for a trial. Presumptions, are to favor jurisdiction and only where no set of pled facts, if proved, could allow a claimant to prevail is dismissal. Mr. Williams did in fact report unlawful activity to an appropriate law enforcement authority. Texas Whistleblower law does not exclude public employees who happen to work where there is law enforcement.

12

**PRAYER**

For the foregoing reasons, Appellant respectfully requests that the Court reverse the trial court's order dismissing his claims against Metro and remand this case for further proceedings.

Respectfully submitted,

The Law Office of Todd E. Webb

Todd E. Webb
State Bar No. 24033317
3730 Kirby Suite 1200
Houston, Texas 77098
713.834.1147 T
713.831.6899 F
webblaw@outlook.com

APPELLATE COUNSEL FOR
RONALD WILLIAMS

**CEERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Appellant's Brief is computer-generated, that those portions required to be counted by Rule 9.4(i)(1), Texas Rules of Appellate Procedure, contain words according to the word-count function of the application used to create it, and that it complies with the

word-count requirements of Rule 9.4, Texas Rules of Appellate Procedure It is printed in 14-point typeface.

/s/ Todd E. Webb

_____

Todd E. Webb

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 16, 2015 I served a true and correct copy of the foregoing document was delivered to the Defendant listed below by E-File.

Metropolitan Transit Authority of Harris County, Texas
1900 Main Street, 3rd Floor
Houston, Texas 77002
713.739.4699 fax
713.652.7951 telephone

/s/ Todd E. Webb

_____

Todd E. Webb